IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO L. MELENDEZ-SANTANA
JESSICA GONZALEZ-ORTIZ

Plaintiffs

vs

PUERTO RICO PORTS AUTHORITY;
ISRAEL ORTIZ-DE-JESUS
MANUEL VILLAZÁN LING LONG

Defendants

CIVIL 04-2328CCC

**O R D E R**

This action is brought pursuant to the Americans with Disability Act, (ADA), 42 U.S.C. §12101, et. seq, and Title VII of the Civil Rights Act, 42 U.S.C. §2000e and Puerto Rico's Constitution, Article II Article 1802 of the Civil Code of Puerto Rico and "other Puerto Rico law." Plaintiff Roberto Meléndez-Santana[1] alleges that he was a victim of discrimination and that his employer, co-defendant Puerto Rico Ports Authority, did not reasonably accommodate his disabilities, alleged to be "a major depression" and "an acute cardiac episode due to severe hypertension,"[2] when it placed him on a rotating work schedule and did not give him a fixed work schedule that was recommended by his doctors as necessary to his recovery.

The case is now before us on a Motion to Dismiss Pursuant to Fed.R.Cv.P. 12(b)(6) filed April 29, 2005 **(docket entry12)** by defendants Manuel Villazán-Ling-Long and Israel Ortíz-De-Jesús in their individual capacities. [The Motion remains unopposed, notwithstanding that the court granted, *motu propio*, an extension of time for plaintiff to respond to the motion even though it was already overdue. See, endorsed order, docket entry 12.]

We initially note that the individual defendants, as they argue, are not subject to suit under the ADA and Title VII. Acevedo-López v. Police Department of the Commonwealth of Puerto Rico, 247 F.3d. 26, 29 (1st Cir. 2001); Vicente Martello v. Estado Libre Asociado de

---

[1] Plaintiff's wife Jessica González-Ortíz is a co-plaintiff.

[2] Complaint, ¶10.

CIVIL 04-2328CCC                                            2

Puerto Rico, 48 F. Supp. 2d 81, 87 ( D. Puerto Rico 1999).  While there is no federal claims against the movants, the federal claims remain against the Ports Authority.  Therefore, we continue to have subject matter jurisdiction over them, pursuant to 28 U.S.C.§1367(a)[3] as pendant parties for the pendant claims alleged.

    For the above-stated reasons, the Motion to Dismiss **(docket entry 12)** is DENIED in part as to the pendant claims under Puerto Rico law and GRANTED in part as to the claims under Title VII and the ADA, which are hereby DISMISSED as to movants Ortíz-de-Jesús and Villazan-Ling-Long.

    SO ORDERED.

    At San Juan, Puerto Rico, on December 15, 2005.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge

---

[3] §1367(a) provides, in pertinent part:

    . . . [I] any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties.